IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TIMOTHY WOODS, #09369002     *

     Plaintiff,                *

       v.                       *        2:07-CV-852-WHA
                                                          (WO)
DAVID A. CONOLY, *et al.*,      *

     Defendants.             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is incarcerated at the Montgomery City Jail. He files this 42 U.S.C. § 1983/*Bivens*[1] action against David Conoly, a federal probation officer, and Officer Armstrong of the Montgomery Police Department.[2] Plaintiff complains that Defendants seized his car from his mother's house in Georgiana, Alabama, without probable cause. He seeks damages and his immediate release from prison. Upon review of the complaint, the court concludes that dismissal of Plaintiff's request for immediate release prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[3]

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[2] Federal courts have analogized *Bivens* claims to claims under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a constitutional right. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

(continued...)

## I. DISCUSSION

Plaintiff repeatedly requests throughout the body of his complaint that he be immediately released from prison. Specifically, he requests numerous times that the U.S. Attorneys or "Feds" visit him at the jail and arrange his release. Plaintiff alternatively requests that he be given a bus ticket home. (*Doc. No. 1.*)

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement). In filing this action, Plaintiff seeks as part of his requested relief that be immediately released from custody. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983/*Bivens* action for federal writ of habeas corpus challenging the basis for ongoing detention, a prisoner fails to state a claim under § 1983/*Bivens*. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983/*Bivens* action.[4] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v.*

---

[3](...continued)
monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[4]Compensatory and punitive damages are available in a 42 U.S.C. § 1983/*Bivens* action but not by way of a writ of habeas corpus. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct
(continued...)

*Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's request for his immediate release from confinement is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's request for immediate release from confinement be DISMISSED without prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 9, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

---

[4](...continued)
appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE